FILED
SUPERIOR COURT
OF GUAM

2020 MAY 18 PM 1:29

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| DALLAS D. BERRINGER, | | **Superior Court Case No. <u>CV0957-19</u>** |
| | Plaintiff, | |
| vs. | | **DECISION AND ORDER RE DEFENDANT'S RULE 11 MOTION** |
| KJ ENTERPRISE, LLC, | | |
| | Defendant. | |

This Court here considers Defendant KJ Enterprise, LLC's Rule 11 Motion. Having considered the parties' arguments and applicable law, and finding oral argument to be unnecessary, the Court hereby DENIES KJ Enterprise's Motion.

On March 3, 2020, Plaintiff Dallas D. Berringer filed a Motion to Compel which he withdrew shortly thereafter. He subsequently filed a March 12, 2020 Motion for Enlargement and an Order to Strike and Renew Motion to Compel Answers to Interrogatories. KJ Enterprise then filed the present Motion, asking the Court to sanction Berringer because Berringer allegedly (1) failed to meet and confer with it as required by the Guam Rules of Civil Procedure, (2) failed to submit a stipulation with either motion, and (3) failed to file a CVR 7.1 Form 1 with either motion. Reply at 2-3 (Apr. 13, 2020).

Guam Rule of Civil Procedure 11 serves a gatekeeping function against frivolous or improper claims; it requires movants, for example, to certify that any allegations have evidentiary support. GRCP 11(b)(3). Violations of Rule 11 can result in sanctions. GRCP 11(c).

## ORIGINAL

Here, KJ Enterprise seeks sanctions for both of Berringer's motions as it claims his "withdrawal of the [initial] defective motion was disingenuous as he simply refiled his motion to compel along with additional nonconforming pleadings." Mot. at 2 (Mar. 26, 2020).

Sanctioning Berringer for his initial March 3 Motion to Compel is improper. Rule 11(d) expressly states that "[s]ubdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37." Berringer's Motion to Compel is a Rule 37 Motion and therefore Rule 11 does not apply.

Applying Rule 11 to Berringer's March 12 Motion is also improper. KJ Enterprise had to re-serve Berringer with its Rule 11 Motion and then wait the required 21 days before filing it with the Court, regardless of whether KJ Enterprise alleges Berringer's withdrawal was disingenuous. *See* GRCP 11(c)(1)(A) ("A motion for sanctions under this rule... shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."). Instead, KJ Enterprise filed the present motion on March 26, only 10 business days after Berringer filed his March 12 Motion.

KJ Enterprise's Rule 11 Motion is therefore DENIED. KJ Enterprise has until June 1, 2020 to file an Opposition to the March 12 Motion, and Berringer has until June 8, 2020, to file a Reply.

SO ORDERED this 18th day of May 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:

Dallas D. Berringer, *pro se*

Gary Wayne Francis Gumataotao, Law Offices of Gumataotao & Pole, P.C., for Defendant KJ Enterprise, LLC